IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL DANILKOWICZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 13 C 3103 |
| CITY OF PARK RIDGE; KEVIN RYAN, Police Officer of the Park Ridge Police Department; JODI BRODERICK, Police Officer of the Park Ridge Police Department; VERA PLESNIAK; FIRSTAR BANK ILLINOIS TRUST, as Trustee under Trust #6873, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Plaintiff Michael Danilkowicz brings several claims against Firstar Bank Illinois Trust and his landlord, Vera Plesniak, alleging that they wrongfully evicted him from the property at 1321 Hallberg Lane, Park Ridge, Illinois, in violation of his lease. (Dkt. No. 1, Ex. A ("Compl.") ¶¶ 45-67.) In addition, Danilkowicz alleges that defendants Kevin Ryan and Jodi Broderick, both police officers with the Park Ridge Police Department, violated 42 U.S.C. § 1983 by illegally carrying out the eviction. (*Id.* ¶¶ 68-84.) Finally, Danilkowicz alleges that the City of Park Ridge is liable under § 1983 for the actions of its police officers because it maintained an unlawful policy permitting police officers to perform unlawful evictions. (*Id.* ¶ 82.)

Ryan, Broderick, and the City of Park Ridge have moved to dismiss the § 1983 claims against each of them. (Dkt. No. 7.) For the reasons explained below, that motion is granted in part and denied in part.

FACTUAL BACKGROUND

Beginning on June 1, 2002, Michael Danilkowicz leased the property located at 1321 Hallberg Lane in Park Ridge, Illinois, from his sister, Vera Plesniak. (Compl. ¶¶ 6, 23.) The lease stated that "I, Vera Plesniak, agree for my brother, Michael Danilkowicz, to live at my residence, rent free, for the remainder of his life. All utilities are included at no charge as well. In return, Mike will do necessary home repairs for my house." (*Id.* ¶ 24.)

On April 30, 2012, Plesniak sent Danilkowicz a notice providing as follows:

> You are hereby notified that your rental agreement with [Plesniak] represents a month-to-month tenancy for the [property]. Such month-to-month tenancy may be terminated by the landlord or tenant by delivering to the other party a notice of intention to terminate the tenancy at least thirty days prior to the end of the monthly lease term. Please regard this as notice of [Plesniak's] intention to terminate the rental agreement on May 31, 2012.

(*Id.* ¶ 27.) On May 31, 2012, Plesniak changed the locks on the property to prevent Danilkowicz from entering. (*Id.* ¶ 28.) Sometime in June 2012, Danilkowicz "regained access to" the property. (*Id.* ¶ 29.) On February 18, 2013, Plesniak called the Park Ridge police to remove Danilkowicz from the property, and defendants Kevin Ryan and Jodi Broderick responded to the call. (*Id.* ¶¶ 30-31.) Upon arrival, Ryan and Broderick instructed Danilkowicz to leave the property. (*Id.* ¶ 34.) Although Danilkowicz mentioned that he had a lease and offered to show it to them, Ryan and Broderick proceeded to do "one or more of the following" actions: detaining Danilkowicz, ordering him to gather his coat and shoes, escorting him from the property, ordering him not to reenter the property, informing him that he would be arrested if he did not comply, and remaining at the property to ensure he did not reenter. (*Id.* ¶ 36.) At the time that Ryan and Broderick removed Danilkowicz from the property, no eviction action had been filed by Plesniak

2

against Danilkowicz. (*Id.* ¶¶ 38-39.)

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. The complaint must "include sufficient facts 'to state a claim for relief that is plausible on its face.'" *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011) (quoting *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a Rule 12(b)(6) motion, the court "construe[s] the . . . [c]omplaint in the light most favorable to Plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in his favor." *Cole*, 634 F.3d at 903.

## ANALYSIS

Ryan, Broderick, and the City of Park Ridge move to dismiss the § 1983 claims against them. The only argument that the motion raises with respect to Ryan and Broderick is that they are entitled to qualified immunity. (Dkt. No. 7, at 5-8.) Other than citing general legal principles

3

related to the doctrine of qualified immunity, the only basis for their argument is three affidavits (from Broderick, Ryan, and another police officer) that are attached to the motion to dismiss.

Qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To determine if qualified immunity applies, the court must determine "first whether the plaintiff has a good constitutional claim, and second whether the right in question was 'clearly established' before the contested events." *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011). Because qualified immunity "is an immunity from suit rather than a mere defense to liability," the Supreme Court has "repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson*, 555 U.S. at 231-32.

Broderick and Ryan argue here that the court should consider the affidavits attached to their motion to facilitate an early decision of the qualified immunity question. Although "[a] defendant may raise a qualified immunity defense in a motion to dismiss," however, "at this stage of the proceedings the only facts before [the court] are those alleged in the complaint, which [the court is] obliged to accept as true." *Kernats v. O'Sullivan*, 35 F.3d 1171, 1175 (7th Cir. 1994). In other words, although a court should, if possible, resolve the qualified immunity issue on a motion to dismiss if the alleged facts, taken as true, do not establish a violation of a clearly established constitutional right, the court may not ignore the familiar rule that the court typically may not consider matters extraneous to the complaint. *See McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006).

The motion to dismiss the claims against Broderick and Ryan therefore raises no arguments that the court may consider at this stage of the proceedings. The defendants' reply brief does raise some additional arguments regarding the legal sufficiency of Danilkowicz's complaint in light of the doctrine of qualified immunity, but "arguments raised for the first time in a reply brief are deemed waived." *Griffin v. Bell*, 694 F.3d 817, 822 (7th Cir. 2012). The court will therefore not consider those arguments at this time, instead leaving them to be resolved at summary judgment or at trial after the parties have properly raised and addressed them. The motion to dismiss the § 1983 claim against Broderick and Ryan is therefore denied.

The motion to dismiss also contends that the City of Park Ridge should be dismissed from the suit because the complaint has not adequately alleged a *Monell* claim. Under *Monell*, "[a] municipality only may be held liable under § 1983 for constitutional violations caused by the municipality itself through its own policy or custom." *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). To plead a *Monell* claim successfully, Danilkowicz must "'plead factual content that allows the court to draw the reasonable inference' that the City maintained a policy, custom, or practice" that caused the constitutional deprivation. *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (citations and brackets omitted). The pleading requirements of *Twombly* and *Iqbal* require "the plaintiff to 'provide some specific facts' to support the legal claims asserted in the complaint." *Id.* (citations and brackets omitted). Although "[t]he degree of specificity required is not easily quantified . . . 'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together.'" *Id.*

Here, the only allegation supporting Danilkowicz's *Monell* claim is that "[u]pon information and belief, Defendants Ryan and Broderick acted pursuant to a policy of the City of Park Ridge purportedly permitting police officers to remove tenants from their homes and/or perform evictions." (Compl. ¶ 82.) That allegation is a legal conclusion that alleges insufficient factual content to plead a *Monell* claim. *See McCauley*, 671 F.3d at 617 (holding that allegation that defendant city "has an unwritten custom, practice and policy to afford lesser protection or none at all to victims of domestic violence" was a legal conclusion and was insufficient to plead a *Monell* claim). Accordingly, the motion to dismiss the § 1983 claim against the City of Park Ridge is granted.

## CONCLUSION

For the reasons explained above, the motion to dismiss of defendants Kevin Ryan, Jodi Broderick, and the City of Park Ridge (Dkt. No. 7) is granted in part and denied in part. The § 1983 claim against the City of Park Ridge is dismissed, but all other claims remain. The answer of defendants Broderick and Ryan is due 8/29/13. Counsel are to confer pursuant to Rule 26(f) and jointly file a Form 52 on or before 9/6/13. The case is set for status and entry of a scheduling order at 9:00 AM on 9/10/13. The parties are encouraged to discuss settlement.

ENTER:

_____
JAMES F. HOLDERMAN
District Judge, United States District Court

Date: August 15, 2013