IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL DANILKOWICZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 13 C 3103 |
| KEVIN RYAN, Police Officer of the Park Ridge ) | |
| Police Department; JODI BRODERICK, Police ) | |
| Officer of the Park Ridge Police Department; ) | |
| VERA PLESNIAK; FIRSTAR BANK ) | |
| ILLINOIS TRUST, as Trustee under Trust #6873, ) | |
| ) | |
| Defendants. ) | |
| ) | |

ORDER

JAMES F. HOLDERMAN, District Judge:

      For the reasons explained in the Statement section of this order, the motion [30] of defendants Kevin Ryan ("Ryan") and Jodi Broderick ("Broderick") to join in the motion to dismiss [26] filed by defendants Vera Plesniak ("Plesniak") and Firstar Bank Illinois Trust, as Trustee under Trust #6873 ("Firstar"), is denied.

STATEMENT

      Plaintiff Michael Danilkowicz ("Danilkowicz") filed his complaint in the Circuit Court of Cook County on March 27, 2013. (Dkt. No. 1, Ex. A ("Compl.").) The case was timely removed to this court on April 25, 2013. (*Id.*) The complaint alleges breach of contract (Count I), breach of covenant (Count II), and wrongful conversion of funds (Count III) against both Firstar and Plesniak. Danilkowicz contends, among other things, that he was wrongfully evicted from a residence he was leasing at 1321 Hallberg Lane, Park Ridge, Illinois. (Compl. ¶¶ 45-67.) In addition, Danilkowicz's complaint, in a fourth count mistakenly numbered "Count III," alleges that defendants Ryan and Broderick, both police officers with the Park Ridge Police Department, violated 42 U.S.C. § 1983 by illegally carrying out the eviction. (*Id.* ¶¶ 68-84.) Additionally, Danilkowicz alleges that the City of Park Ridge is liable under § 1983 for the actions of its police officers because it maintained an unlawful policy permitting police officers to perform unlawful evictions. (*Id.* ¶ 82.)

      On June 27, 2013, Ryan, Broderick, and the City of Park Ridge moved to dismiss the § 1983 claims against each of them. (Dkt. No. 7.) On August 15, 2013, this court granted the motion to dismiss the § 1983 claims against the City of Park Ridge, but denied the motion as to the § 1983 claims against Ryan and Broderick. (Dkt. No. 16.) On August 28, 2013, Ryan and Broderick filed their answer to the complaint. (Dkt. No. 17.) On October 4, 2013, Plesniak and Firstar filed a motion to dismiss the claims against them. (Dkt. No. 26.) On October 24, 2013, Ryan and Broderick filed a motion to join in Plesniak and Firstar's motion to dismiss. (Dkt. No. 30.)

Danilkowicz argues that Ryan and Broderick cannot join a motion to dismiss pursuant to Rule 12(b)(6) because Ryan and Broderick have already answered the complaint. (Dkt. No. 34.) Ordinarily, "[i]f the defendant decides to assert a Rule 12(b) defense by motion, then he must do so before filing the answer." *Brown* v. *Bd. of Trs. of Univ. of Ill.*, No. 10 C 6104, 2012 WL 488106, at *1 (N.D. Ill. Feb. 14, 2012) (Gettleman, J.) (quoting 5C Wright & Miller, *Federal Practice & Procedure* § 1361 (3d ed. 2004)) (internal quotations omitted). Although "[a] Rule 12(b)(6) motion to dismiss made after an answer has been filed can be considered as a 12(c) motion for judgment on the pleadings," *Lanigan* v. *Village of East Hazel Crest, Ill.*, 110 F.3d 467, 470 n. 2 (7th Cir. 1997), Ryan and Broderick have not themselves filed a 12(b)(6) motion. They instead filed their pending motion to join (Dkt. No. 30) Plesniak and Firstar's motion (Dkt. No. 26). Thus, if the court permitted Ryan and Broderick to join the motion, the court would have to construe Plesniak and Firstar's 12(b)(6) motion as a 12(c) motion for judgment on the pleadings as to Ryan and Broderick.

Even if the court were to do so, Plesniak and Firstar's motion to dismiss will not, as Ryan and Broderick argue (Dkt. No. 30 ¶ 4), resolve Danilkowicz's § 1983 claim against them. Plesniak and Firstar have moved to dismiss Danilkowicz's claim for wrongful eviction on the ground that there was no valid lease. (Dkt. No. 26.) Danilkowicz's claim against Ryan and Broderick, however, is based on their alleged violation of Illinois's Forcible Entry and Detainer Act ("FEDA") (Compl. ¶¶ 68-84), the applicability of which does not depend on the existence of a valid lease. 735 ILCS 5/9-101; *see also Evans* v. *Meyers*, No. 88 C 0222, 1990 WL 43395, at *3 (N.D. Ill. Mar. 29, 1990) (Marovich, J.). The question here, which is not addressed in Plesniak and Firstar's motion, is whether Ryan and Broderick's alleged violation of FEDA gives rise to a constitutional violation actionable under § 1983. Although Ryan and Broderick have argued that it does not, they first did so in their reply brief (Dkt. No. 12, pp. 7-10) in support of their first motion to dismiss (Dkt. No. 7). Because Ryan and Broderick failed to raise the argument in their initial motion (Dkt. No. 7), this court declined to consider that argument (Dkt. No. 16, p. 5), leaving it instead to be resolved at summary judgment or trial after the parties properly raised it. Accordingly, the proper avenue for Ryan and Broderick's argument that FEDA does not give rise to a § 1983 claim is a motion for judgment on the pleadings, a motion for summary judgment, or trial. Plesniak and Firstar's 12(b)(6) motion to dismiss, which does not address FEDA or § 1983, is not.

For the reasons set forth above, Ryan and Broderick's motion to join [30] is denied.

ENTER:

_____
JAMES F. HOLDERMAN
District Judge, United States District Court

Date: December 18, 2013